UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JO ANN DABNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:06CV1164 FRB |
| ) | |
| JO ANNE B. BARNHART, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This cause is on appeal for review of an adverse determination by the Social Security Administration.  All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Presently pending before the Court is plaintiff's Motion for Appointment of Counsel (filed August 3, 2006/Docket No. 4).  In deciding whether to appoint counsel for an indigent plaintiff, the Court should consider relevant factors, including the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present her claim, and the complexity of the legal issues. Edgington v. Missouri Dep't of Corrections, 52 F.3d 777, 780 (8th Cir. 1995); Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (citing Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986)).

Upon review of the plaintiff's Complaint, defendant's Answer thereto and the Administrative Transcript, the Court has

determined that the appointment of counsel is unnecessary in proceeding in this cause. First, the facts of this case are not complex. Plaintiff seeks judicial review of the denial of her applications for Disability Insurance Benefits and Supplemental Security Income claiming that the impairments from which she suffers entitles her to the receipt of benefits and that the Administrative Law Judge erred in her decision to deny benefits inasmuch as she failed to properly review the medical evidence and testimony of record. In addition, it appears that plaintiff is able to investigate crucial facts. Plaintiff has identified the impairments from which she suffers and the medical evidence which she contends supports her claims of disability. With respect to conflicting testimony, the undersigned notes that the defendant has submitted the administrative record in this cause, which includes the transcript of the hearing before the Administrative Law Judge and the medical records which were submitted to and relied upon by the ALJ in rendering her decision. Plaintiff has also submitted medical evidence in support of her Complaint. In light of this record, the undersigned anticipates no conflicting testimony in this cause.

Because the factual nature of this case is not complex and plaintiff has provided the Court with details giving rise to her claim, the undersigned finds at this time that plaintiff is able to present her claim to the Court. Further, the complexity of the legal issues does not merit an appointment of counsel at this time. Plaintiff seeks review of an adverse determination by the Social Security Administration, and such review requires this Court to determine whether substantial evidence supports the Commissioner's

decision to deny plaintiff benefits. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992); Groeper v. Sullivan, 932 F.2d 1234, 1237 (8th Cir. 1991). As such, a challenge to such an adverse ruling does not involve overly complex issues of law.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Appointment of Counsel (Docket No. 4) is denied without prejudice.

**IT IS FURTHER ORDERED** that plaintiff shall inform the Court, in writing and not later than **Wednesday, November 15, 2006,** whether she intends to pursue her claims based solely on the allegations made in her Complaint, or whether she wishes to submit to the Court a Brief in Support of Complaint pursuant to Rule 9.02 of the Local Rules of this Court.

In the event plaintiff wishes to pursue her claims by way of a separate Brief in Support of Complaint,

**IT IS FURTHER ORDERED** that, not later than **Wednesday, December 6, 2006,** plaintiff shall file with the Court a separate Brief in Support of Complaint setting forth the specific bases upon which she claims the Commissioner to have erred in the determination to deny plaintiff benefits.

_/s/ Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE

Dated this _30th_ day of October, 2006.